UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEE A. HOLDER,<br><br>            Plaintiff,<br><br>    v.<br><br>MICHAEL C. SIMON,<br><br>            Defendant. | Case No. C08-5278 RJB<br><br>ORDER DISMISSING<br>CASE SUA SPONTE |

      This matter comes before the court on the plaintiff's complaint. Dkt. 1. The court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL AND FACTUAL BACKGROUND

      The plaintiff filed his complaint with the court on May 1, 2008. Dkt. 1. The plaintiff brings his action under Fed.R.Civ.P. 60(b) and alleges fraud on the court, fraud against the plaintiff, and intrinsic and extrinsic fraud. Dkt. 1 at 1. The plaintiff alleges that the defendant, Michael C. Simon, acted as his attorney at a hearing regarding a dispute against the City of Vancouver, Washington on September 2, 2005. Dkt. 1 at 2. The plaintiff alleges that the defendant "did not indicate any fee was applicable for the initial consultation or his decision to follow the plaintiff to his property on the same day as the conference." Dkt. 1 at 2. However, the plaintiff alleges, the defendant billed the plaintiff for more than the services the defendant provided at the hearing, including the initial consultation and visiting the plaintiff's property. Dkt. 1 at 4.

ORDER
Page - 1

On December 6, 2005, the defendant filed a small claims action against the plaintiff for unpaid legal services, and the Small Claims Court awarded the defendant $2,405.70. Dkt. 1 at 5. The plaintiff alleges that the defendant lied under oath at the Small Claims hearing, and that as a result of the defendant's "fraud on the court," the plaintiff will suffer an "economic loss of $4,470.70 in a state court judgment for attorney fees." Dkt. 1 at 15. The plaintiff requests that the court set aside the judgment and hold that he is liable only for the fees assessed for the September 2, 2005 hearing. Dkt. 1 at 16. In the alternative, the plaintiff requests that the court remand the matter back to an alternative small claims court for a reconsideration of the attorney fees when considered against the difficulty of the work product, conduct of the attorney, and effectiveness of his actions. Dkt. 1 at 16.

## DISCUSSION

A federal court may dismiss sua sponte pursuant to Fed.R.Civ.P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6).... Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint sua sponte, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Because plaintiff filed this complaint *pro se*, the court has construed the pleadings liberally and has afforded plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987) (pro se litigants must be given leave to amend complaint unless it is absolutely clear that amendment would be futile). However, the plaintiff cannot establish that the court has jurisdiction over this matter. In his complaint, the plaintiff alleges that the court has "original jurisdiction under 28 U.S.C. 1331 as there is a federal question." Dkt. 1 at 1. The court cannot extract from the complaint the federal question that the plaintiff alleges is at issue. In addition, allowing the plaintiff to amend his complaint would not cure the jurisdictional defect and would be futile. This court may not relieve the plaintiff from his obligations

arising out of a state court judgment based upon the plaintiff's allegations and Fed.R.Civ.P. 60(b). If any relief is available to the plaintiff, it must be sought through the state courts.

The plaintiff's complaint should be dismissed.

Therefore, it is hereby

**ORDERED** that the plaintiff's complaint is **DISMISSED.** The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 6th day of May, 2008.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge